| | | |
|---|---|---|
| DANIEL T. SATTERBERG<br>PROSECUTING ATTORNEY | <br>King County | Office of the Prosecuting Attorney<br>CIVIL DIVISION<br>900 King County Administration Building<br>500 Fourth Avenue<br>Seattle, Washington 98104<br>(206) 296-8820<br>FAX (206) 296-8819 |

*FILED BY CM/ECF*

June 23, 2015

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *Seattle Mideast Awareness Campaign v. King County,* Nos. 11-35914 & 11-35931
(King County's citation of supplemental authority in accordance with Rule 28(j))

Dear Ms. Dwyer:

In accordance with Fed.R.App.P. 28(j), King County respectfully wishes to make the Court aware that *Walker v. Texas Div., Sons of Confederate Veterans, Inc.,* ___U.S.___, 2015 WL 2473375 (June 18, 2015), was decided by the Supreme Court after the Seattle Mideast Awareness Campaign (SeaMAC) submitted its petition for re-hearing en banc and King County submitted its response in this matter. *See* Dkt. #54 & #56.

SeaMAC relied in part on the Ninth Circuit's specialty-license-plate decision in *Arizona Life Coalition v. Stanton,* 515 F.3d 956, 971 (9th Cir. 2008) (holding that specialty license plates were a limited public forum). Dkt. #54 at 2, 9, 14-15; *see also* Dkt. #56 at 1, 11-12 (King County's response discussing *Arizona Life*).

*Walker* held that specialty license plates are government speech, not subject to forum analysis. 2015 WL 2473375 at *13. Although not explicitly overruling *Arizona Life,* at a minimum, the decision in *Walker* casts serious doubt on the continued validity of that opinion. As a result, one of the alleged intra-circuit conflicts is no longer at issue in the case at bar.

Sincerely,

<u>s/Endel R. Kolde</u>
Senior Deputy Prosecuting Attorney
King County Prosecutor's Office
Attorneys for Appellee, King County

cc: Counsel for Appellant, Seattle Mideast Awareness Campaign (via e-filing)